UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TERRANCE VICKERS,

        Plaintiff,

   v.

WARDEN RICK HILL et al.,

        Defendants.

No. 2:13-cv-0544 DAD P

ORDER

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to the undersigned by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

### SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

/////

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

**PLAINTIFF'S COMPLAINT**

In his complaint plaintiff has identified Warden Hill and Folsom State prison officials Olstrom, Darnell, and Snyder as the defendants. Therein plaintiff alleges as follows. Plaintiff has not been allowed to report to his work position for more than two months. Prison officials found pornographic material in or around his desk and issued him a rules violation report ("RVR") for possession of contraband. Prison officials ultimately found him guilty of the prison disciplinary charge. Plaintiff maintains that the material belonged to his co-worker, and his co-worker admitted as much when he pled guilty to his rules violation. Plaintiff maintains that had defendant Olstrom allowed him to pursue an inmate appeal of the rules violation, prison officials would have disregarded the charges against him. In terms of relief, plaintiff requests reversal of

the guilty finding on his prison disciplinary and damages.  (Compl. at 5 & Attach.)

**DISCUSSION**

The allegations of plaintiff's complaint are so vague and conclusory that the court is unable to determine whether the current action is frivolous or fails to state a claim for relief.  The complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to the defendants and must allege facts that support the elements of the claim plainly and succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support his claims.  Id.  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed.  However, the court will grant plaintiff leave to file an amended complaint.

If plaintiff chooses to file an amended complaint, he must allege facts demonstrating how the conditions complained of resulted in a deprivation of plaintiff's federal constitutional or statutory rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  In addition, plaintiff must allege in specific terms how each named defendant was involved in the deprivation of plaintiff's rights.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff's complaint suffers from a number of deficiencies.  First, plaintiff needs to clarify what constitutional right of his he believes defendants have violated.  As an initial matter, plaintiff is advised that he has no constitutional right to prison employment.  See Vignolo v. Miller, 120 F.3d 1075, 1077 (9th Cir. 1997).  In this regard, absent a motive that implicates constitutional concerns such as in a case of retaliation, plaintiff's claim against defendants for not allowing him to report to his assigned work position does not state a cognizable claim for relief.

/////

In addition, to the extent that plaintiff wishes to raise a claim against any of the defendants for the way they have (or have not) processed his inmate appeals, he fails to state a cognizable claim for relief. Prison officials are not required under federal law to process inmate grievances in a specific way or to respond to them in a favorable manner. Even if the defendants delayed, denied, or erroneously screened out plaintiff's grievances, they have not deprived him of a federal constitutional right. This is because it is well established that "inmates lack a separate constitutional entitlement to a specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)). See also, e.g., Wright v. Shannon, No. CIV F-05-1485 LJO YNP PC, 2010 WL 445203 at *5 (E.D. Cal. Feb. 2, 2010) (plaintiff's allegations that prison officials denied or ignored his inmate appeals failed to state a cognizable claim under the First Amendment); Walker v. Vazquez, No. CIV F-09-0931 YNP PC, 2009 WL 5088788 at *6-7 (E.D. Cal. Dec. 17, 2009) (plaintiff's allegations that prison officials failed to timely process his inmate appeals failed to a state cognizable under the Fourteenth Amendment); Towner v. Knowles, No. CIV S-08-2833 LKK EFB P, 2009 WL 4281999 at *2 (E.D. Cal. Nov. 20, 2009) (plaintiff's allegations that prison officials screened out his inmate appeals without any basis failed to indicate a deprivation of federal rights); Williams v. Cate, No. F-09-0468 OWW YNP PC, 2009 WL 3789597 at *6 (E.D. Cal. Nov. 10, 2009) ("Plaintiff has no protected liberty interest in the vindication of his administrative claims.").

Finally, the court notes that insofar as plaintiff wishes to challenge his prison disciplinary conviction, he is advised that he may not do so in this action if he has lost any good-time credits. It is well established that "a state prisoner's § 1983 action is barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) - if success in that action would necessarily demonstrate the invalidity of confinement or its duration." Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005) (emphasis in original). See also Edwards v. Balisok, 520 U.S. 641, 648 (1997) (dismissing a § 1983 action for declaratory relief and monetary damages because a successful challenge to procedures used in disciplinary hearing would necessarily imply the invalidity of the punishment imposed); Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) (finding

5

1 a § 1983 action for damages that was based on "actions whose unlawfulness would render a
2 conviction or sentence invalid" when the conviction or sentence has not yet been reversed,
3 expunged, or otherwise invalidated to be barred).

4   Plaintiff is informed that the court cannot refer to a prior pleading in order to make
5 plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be
6 complete in itself without reference to any prior pleading. This is because, as a general rule, an
7 amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th
8 Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any
9 function in the case. Therefore, in an amended complaint, as in an original complaint, each claim
10 and the involvement of each defendant must be sufficiently alleged.

11 **CONCLUSION**

12   Accordingly, IT IS HEREBY ORDERED that:

13   1. Plaintiff's motion to proceed in forma pauperis (Doc. No. 2) is granted.

14   2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff
15 is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. §
16 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the
17 Director of the California Department of Corrections and Rehabilitation filed concurrently
18 herewith.

19   3. Plaintiff's complaint is dismissed.

20   4. Plaintiff is granted thirty days from the date of service of this order to file an amended
21 complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil
22 Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number
23 assigned to this case and must be labeled "Amended Complaint"; failure to file an amended
24 complaint in accordance with this order will result in dismissal of this action without prejudice.
25 /////
26 /////
27 /////
28 /////

5. The Clerk of the Court is directed to send plaintiff the court's form for filing a civil rights action.

Dated:  March 10, 2014

*Dale A. Drozd*
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
vick0544.14a