1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   TERRANCE VICKERS,                         No.  2:13-cv-0544 DAD P

12                 Plaintiff,

13         v.                                  ORDER

14   WARDEN RICK HILL et al.,

15                 Defendants.

16

17         Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C.

18   § 1983.  Pending before the court is plaintiff's amended complaint.

19                          **SCREENING REQUIREMENT**

20         The court is required to screen complaints brought by prisoners seeking relief against a

21   governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. §

22   1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims

23   that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

24   granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28

25   U.S.C. § 1915A(b)(1) & (2).

26         A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

27   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

28   Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

                                            1

1   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

2   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

3   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

4   Cir. 1989); Franklin, 745 F.2d at 1227.

5          Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain

6   statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

7   defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

8   Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

9   However, in order to survive dismissal for failure to state a claim a complaint must contain more

10  than "a formulaic recitation of the elements of a cause of action;" it must contain factual

11  allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550

12  U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the

13  allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

14  738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all

15  doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

16         The Civil Rights Act under which this action was filed provides as follows:

17         Every person who, under color of [state law] . . . subjects, or causes
           to be subjected, any citizen of the United States . . . to the
18         deprivation of any rights, privileges, or immunities secured by the
           Constitution . . . shall be liable to the party injured in an action at
19         law, suit in equity, or other proper proceeding for redress.

20  42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

21  actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

22  Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

23  (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

24  meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts or

25  omits to perform an act which he is legally required to do that causes the deprivation of which

26  complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

27         Moreover, supervisory personnel are generally not liable under § 1983 for the actions of

28  their employees under a theory of respondeat superior and, therefore, when a named defendant

2

1   holds a supervisorial position, the causal link between him and the claimed constitutional

2   violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979);

3   Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations

4   concerning the involvement of official personnel in civil rights violations are not sufficient.  See

5   Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

6   **PLAINTIFF'S AMENDED COMPLAINT**

7        In his amended complaint, plaintiff has identified Folsom State prison officials Olstrom,

8   Darnell, and Snyder as the defendants.  Therein plaintiff alleges that defendant Snyder falsely

9   stated in a rules violation report that plaintiff was in constructive possession of pornographic

10  material even though prison officials had discovered the material belonged to plaintiff's fellow

11  inmate, Durham.  Plaintiff further alleges that prison officials conducted a hearing on the

12  disciplinary charge brought against him for possession of pornographic material, but did not

13  allow him to use Durham's declaration in his defense at that hearing.  According to plaintiff,

14  Durham admits in his declaration that he was the sole person in possession of the pornographic

15  material.  Plaintiff claims the defendants violated his right to due process and retaliated against

16  him.  (Am. Compl. at 3-4.)

17  **DISCUSSION**

18       The allegations of plaintiff's amended complaint remain so vague and conclusory that the

19  court is unable to determine whether the current action is frivolous or fails to state a claim for

20  relief.  The amended complaint does not contain a short and plain statement as required by Fed.

21  R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint must

22  give fair notice to the defendants and must allege facts that support the elements of the claim

23  plainly and succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).

24  Plaintiff must allege with at least some degree of particularity overt acts which defendants

25  engaged in that support his claims.  Id.  Because plaintiff has failed to comply with the

26  requirements of Fed. R. Civ. P. 8(a)(2), the amended complaint must be dismissed.  In the interest

27  of justice, the court will grant plaintiff leave to file a second amended complaint.

28  /////

3

1       If plaintiff chooses to file a second amended complaint, he must allege facts

2   demonstrating how the conditions complained of resulted in a deprivation of plaintiff's federal

3   constitutional or statutory rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  In addition,

4   plaintiff must allege in specific terms how each named defendant was involved in the deprivation

5   of plaintiff's rights.  There can be no liability under 42 U.S.C. § 1983 unless there is some

6   affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo

7   v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v.

8   Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory allegations of official

9   participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266,

10   268 (9th Cir. 1982).

11       As an initial matter, plaintiff is advised that his allegations that defendant Snyder issued a

12   false rules violation report against him fails to state a cognizable claim for a due process

13   violation.  Judges of this court have previously held that a prisoner has no constitutional right to

14   be free from a false prison disciplinary report in and of itself.  See, e.g., Wheeler v. Hodges, No.

15   2:13-cv-2526 KJN P, 2014 WL 295047 at *6 n.3 (E.D. Cal. Jan. 24, 2014) ("A prisoner has no

16   constitutionally guaranteed immunity from being wrongly or falsely accused of conduct which

17   may result in the deprivation of a protected liberty interest."); Millner v. Biter, No. 1:13-cv-2029

18   SAB (PC), 2014 WL 3778289 at *6 (E.D. Cal. July 31, 2014) (same); Lee v. Whitten No. 2:12-

19   cv-2104 GEB KJN P, 2012 WL 4468420 at *4 (E.D. Cal. Sept. 25, 2012) (same).

20       There are two ways that allegations concerning false disciplinary action may give rise to a

21   cognizable claim.  First, plaintiff may be able to state a First Amendment claim if he alleges that

22   the false disciplinary report was written in retaliation for his exercise of a constitutionally

23   protected right.  See Hines v. Gomez, 108 F.3d 265 (9th Cir. 1997).  In plaintiff's amended

24   complaint, he appears to be trying to assert such a retaliation claim.  The court cannot, however,

25   decipher the factual basis of his claim.  The Ninth Circuit has made clear:

26           Within the prison context, a viable claim of First Amendment
        retaliation entails five basic elements:  (1) An assertion that a state

27           actor took some adverse action against an inmate (2) because of (3)
        that prisoner's protected conduct, and that such action (4) chilled

28           the inmate's exercise of his First Amendment rights, and (5) the

1    action did not reasonably advance a legitimate correctional goal.

2    Id. at 567-68.  See also Huskey v. City of San Jose, 204 F.3d 893, 899 (9th Cir. 2000) (a

3    retaliation claim cannot rest on the logical fallacy of *post hoc, ergo propter hoc*, literally, "after

4    this, therefore because of this.").  In any second amended complaint plaintiff elects to file, he will

5    need to allege facts clarifying which defendant(s) he believes retaliated against him, describe their

6    alleged retaliatory conduct, and explain why he believes their conduct was motivated by, or

7    because of, plaintiff's engagement in protected activities.

8         Second, plaintiff may be able to state a procedural due process claim if he alleges that he

9    did not receive the proper procedural protections during his disciplinary hearing on the alleged

10   false prison disciplinary charge.  In plaintiff's amended complaint he appears to be trying to

11   assert such a procedural due process claim.  Again, however, the court cannot decipher the factual

12   basis of plaintiff's claim.  An inmate has a right to a hearing at which he may "call witnesses and

13   present documentary evidence in his defense when permitting him to do so will not be unduly

14   hazardous to institutional safety or correctional goals."  Wolff v. McDonnell, 418 U.S. 539, 566

15   (1974).  In any second amended complaint plaintiff elects to file, he will need to specify which

16   defendant(s) did not allow him to present Durham's declaration, which purportedly would have

17   exonerated plaintiff of the disciplinary charge.

18        Plaintiff is reminded that the court cannot refer to prior pleadings in order to make his

19   second amended complaint complete.  Local Rule 220 requires that an amended complaint be

20   complete in itself without reference to any prior pleading.  This is because, as a general rule, an

21   amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th

22   Cir. 1967).  Once plaintiff files a second amended complaint, the prior pleading no longer serves

23   any function in the case.  Therefore, in a second amended complaint, as in an original complaint,

24   each claim and the involvement of each defendant must be sufficiently alleged.

## CONCLUSION

25        Accordingly, IT IS HEREBY ORDERED that:

26        1. Plaintiff's amended complaint (Doc. No. 8) is dismissed;

28   /////

5

1      2.  Plaintiff is granted thirty days from the date of service of this order to file a second

2  amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules

3  of Civil Procedure, and the Local Rules of Practice; the second amended complaint must bear the

4  docket number assigned to this case and must be labeled "Second Amended Complaint"; failure

5  to file a second amended complaint in accordance with this order will result in a recommendation

6  that this action be dismissed without prejudice; and

7      3.  The Clerk of the Court is directed to send plaintiff the court's form for filing a civil

8  rights action.

9  Dated:  October 1, 2014

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
vick0544.14am