UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRANCE VICKERS, | No. 2:13-cv-0544 DAD P |
| Plaintiff, | |
| v. | ORDER |
| WARDEN RICK HILL et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's second amended complaint.

**PLAINTIFF'S SECOND AMENDED COMPLAINT**

In his second amended complaint, plaintiff has identified Correctional Officer Snyder, Appeals Coordinator Olstrom, Lieutenant Darnell, and C. Brekke as the defendants. In that second amended complaint plaintiff alleges as follows. Defendant Snyder found pornographic pictures and videos on an inmate Durham's computer. Defendant Snyder then issued a rules violation report charging inmate Durham with the prison disciplinary offense of possession of pornographic material, and Durham signed a declaration confessing to ownership of the material and pled guilty to the charge at his disciplinary hearing. Plaintiff subsequently received a rules violation report charging him with possession of pornographic contraband. Omitted from plaintiff's rules violation report, however, was the fact that inmate Durham had confessed and

pled guilty to possession of the pornographic material.  Plaintiff alleges that he filed an inmate appeal about the rules violation report issued to him, but defendant Olstrom rejected it and required plaintiff to wait until completion of the disciplinary process.  Plaintiff also alleges that defendant Darnell deprived plaintiff of his constitutional rights when he refused to dismiss the disciplinary charges against plaintiff, refused to remove himself as Senior Hearing Officer, denied plaintiff his right to introduce exculpatory evidence, and found plaintiff guilty of the disciplinary charge without some evidence to support the charge.  As a result of the defendants' alleged misconduct, plaintiff lost his prison job, custody classification status, and is restricted from using the computer.  Plaintiff did not lose any good-time credits.  In terms of relief, plaintiff requests the award of compensatory damages.  (Sec. Am. Compl. at 3-9 & Exs.)

## DISCUSSION

The undersigned finds that plaintiff's complaint fails to state a cognizable claim for relief.  As an initial matter, as this court previously advised plaintiff, a prisoner has no constitutional right to be free from a false prison disciplinary report in and of itself.  See, e.g., Wheeler v. Hodges, No. 2:13-cv-2526 KJN P, 2014 WL 295047 at *6 n.3 (E.D. Cal. Jan. 24, 2014) ("A prisoner has no constitutionally guaranteed immunity from being wrongly or falsely accused of conduct which may result in the deprivation of a protected liberty interest."); Millner v. Biter, No. 1:13-cv-2029 SAB (PC), 2014 WL 3778289 at *6 (E.D. Cal. July 31, 2014) (same); Lee v. Whitten No. 2:12-cv-2104 GEB KJN P, 2012 WL 4468420 at *4 (E.D. Cal. Sept. 25, 2012) (same).

In addition, although plaintiff alleges that the defendants retaliated against him by issuing him this allegedly false rules violation report, he has not alleged any factual basis for his claim as this court previously told him was required.  The Ninth Circuit has made clear:

> Within the prison context, a viable claim of First Amendment retaliation entails five basic elements:  (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal.

Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).  Here, plaintiff has not alleged that

1 defendants issued him the rules violation report in retaliation due to his prior engagement in any
2 "protected conduct."  Nor has plaintiff alleged that his prior engagement in protected conduct was
3 "the 'substantial' or 'motivating' factor" behind the defendants' alleged conduct.  Brodheim v.
4 Cry, 584 F.3d 1262, 1271 (9th Cir. 2009).

5 Plaintiff's due process claim challenging the procedures used in connection with his
6 prison disciplinary hearing also fails to state a cognizable claim for relief.  The Supreme Court
7 has held that the procedural protections guaranteed by the Fourteenth Amendment Due Process
8 Clause only apply when a constitutionally protected liberty or property interest is at stake.  See
9 Wilkinson v. Austin, 545 U.S. 209, 221 (2005) see also Marsh v. County of San Diego, 680 F.3d
10 1148, 1155 (9th Cir. 2012); Brittain v. Hansen, 451 F.3d 982, 999-1000 (9th Cir. 2006).  States
11 may create liberty interests which are protected by the Due Process Clause, but these
12 circumstances generally involve a change in condition of confinement that imposes an "atypical
13 and significant hardship on the inmate in relation to the ordinary incidents of prison life."  Sandin
14 v. Connor, 515 U.S. 472, 484 (1995).

15 Plaintiff has no protected liberty or property interest in prison employment or the other
16 privileges he alleges he lost as a result of defendants' alleged conduct.  See Serra v. Lappin, 600
17 F.3d 1191, 1196 (9th Cir. 2010) (prisoners have no liberty interest in compensation for their
18 labor); Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007) (an inmate's raised classification
19 score from "Level III" prison to a "Level IV" prison does not implicate a state-created liberty
20 interest); Walker v. Gomez, 370 F.3d 969, 973 (9th Cir. 2004) (prisoners have no liberty interest
21 in prison employment); Davis v. Small, 595 Fed. Appx. 689 (9th Cir. Dec. 17, 2014)[1] (affirming
22 the dismissal of prisoner's due process claim because there is no protected liberty interest in a
23 paying prison job and prisoner had not established a state-created liberty interest because he had
24 not demonstrated that conditions imposed an atypical and significant hardship on him).  Because
25 in this instance there is no protected liberty interest at stake, the court need not reach question of
26 what process plaintiff was due.  See Wilkinson v. Austin, 545 U.S. 209, 221 (2005).

---

[1] Citation to this unpublished Ninth Circuit opinion issued after January 1, 2007 is appropriate pursuant to Ninth Circuit Rule 36–3(b).

Finally, to the extent plaintiff claims that defendants unfairly denied him the right to appeal the issuance of the rules violation report against him when he wanted to do so, it is well established that "inmates lack a separate constitutional entitlement to a specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)).

It is now clear that granting plaintiff further leave to amend his complaint would be futile. Accordingly, the court will dismiss this action without further leave to amend.[2] See Chaset v. Fleer/Skybox Int'l, 300 F.3d 1083, 1088 (9th Cir. 2002) (there is no need to prolong the litigation by permitting further amendment where the "basic flaw" in the underlying facts as alleged cannot be cured by amendment); Lipton v. Pathogenesis Corp., 284 F.3d 1027, 1039 (9th Cir. 2002) ("Because any amendment would be futile, there was no need to prolong the litigation by permitting further amendment.").

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that this action is dismissed due to plaintiff's failure to state a cognizable civil rights claim for relief.

Dated: October 13, 2015

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
vick0544.56

---

[2] Plaintiff has previously consented to Magistrate Judge jurisdiction over this action pursuant to 28 U.S.C. § 636. (Doc. No. 4)