UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRANCE VICKERS, | No. 2:13-cv-0544 CKD P (TEMP) |
| Plaintiff, | |
| v. | ORDER |
| WARDEN RICK HILL et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se. On October 14, 2015, then-Magistrate Judge Dale A. Drozd dismissed this action due to plaintiff's failure to state a cognizable claim for relief.[1] On the same day, the court entered judgment and closed the case. Pending before the court is plaintiff's motion for reconsideration.

"[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." Kona Enterprises v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000). Using a motion for reconsideration to reargue the points the court rejected in the original order is improper. See American Ironworks & Erectors v. North American Construction Corporation, 248 F.3d 892, 899 (9th Cir. 2001). A party cannot

---

[1] Plaintiff has consented to Magistrate Judge jurisdiction over this action pursuant to 28 U.S.C. § 636. (Doc. No. 4)

1  have relief merely because he or she is unhappy with the judgment.  See Khan v. Fasano, 194 F.
2  Supp. 2d 1134, 1136 (S.D. Cal. 2001).
3     In this case, then-Magistrate Judge Drozd screened plaintiff's second amended complaint
4  and found that he failed to state a cognizable claim for relief because (1) a prisoner has no
5  constitutional right to be free from a false prison disciplinary report in and of itself; (2) plaintiff
6  had not alleged any factual basis for his retaliation claim as the court had previously told him was
7  required; (3) plaintiff has no protected liberty or property interest in prison employment or the
8  other privileges he alleges he lost as a result of defendants' alleged conduct; and (4) to the extent
9  plaintiff claimed that defendants unfairly denied him the right to appeal the issuance of the rules
10 violation report against him when he wanted to do so, he has no constitutional right to a specific
11 grievance procedure.  (Doc. No. 9)
12    Plaintiff's motion for reconsideration is difficult to decipher.  He appears to take issue
13 with the court's decision to dismiss this action without granting him further leave to amend.  As
14 an initial matter, this court had already granted plaintiff two opportunities to cure the defects of
15 his complaint, and he failed to do so.  See Chaset v. Fleer/Skybox Int'l, 300 F.3d 1083, 1088 (9th
16 Cir. 2002) (there is no need to prolong the litigation by permitting further amendment where the
17 "basic flaw" in the underlying facts as alleged cannot be cured by amendment); Lipton v.
18 Pathogenesis Corp., 284 F.3d 1027, 1039 (9th Cir. 2002) ("Because any amendment would be
19 futile, there was no need to prolong the litigation by permitting further amendment.").  Moreover,
20 plaintiff has not explained in his motion for reconsideration how he would cure the defects of his
21 complaint even if the court had granted him yet another opportunity to amend his complaint.
22 Although plaintiff clearly disagrees with the court's decision to dismiss his case for failure to
23 state a claim, plaintiff has not demonstrated that the court committed clear error or that he is
24 otherwise entitled to reconsideration of the court's screening order.
25 /////
26 /////
27 /////
28 /////

1       Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for reconsideration (Doc.

2 No. 13) is denied.

3 Dated: November 10, 2015

                                           _____
                                           CAROLYN K. DELANEY
                                           UNITED STATES MAGISTRATE JUDGE

9
vick0544.motr

3